UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BART DEWALD,

    Plaintiff,

v.                       CAUSE NO.: 3:18-CV-182-RLM-MGG

LACEY R. GORSKE, et al.,

    Defendants.

## OPINION AND ORDER

Bart Dewald, a prisoner without a lawyer, sues Lacey R. Gorske, Debra Rose, Sherry Fritter, Michelle Orgon, Betsy Hess, and the president of Wexford Health Sources, Inc. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Dewald alleges that he has been diagnosed with arthritis, nerve damage, neurofibroma, and subluxations in his neck, which causes pain, immobility, and complications to the central nervous system. He says he's been denied surgery and chiropractic therapy because his condition isn't life threatening and as a cost-saving measure. Though he is prescribed Toradol injections for pain relief as necessary, nurses, including Debra Rose and Lacey

R. Gorske, have inappropriately denied him these injections.[1] He seeks money damages and an order for the nurses to cooperate with his requests for pain medication as well as an order requiring Wexford Health Sources to maintain his Neurontin prescription, to reinstate his Flexeril prescription, to provide chiropractic and physical therapy and a foam collar, to not transfer him to a different facility in retaliation, and to not charge him co-pays.

Mr. Dewald alleges a claim of deliberate indifference against all defendants. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

---

[1] The court has considered the exhibits attached to the complaint, which are "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

2

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011).

Mr. Dewald can't obtain injunctive relief against Wexford Health Sources because he hasn't named Wexford Health Sources as a defendant. Additionally, "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." Palmer v. Marion Cty., 327 F.3d 588, 594 (7th Cir. 2003). Mr. Dewald's factual allegations don't describe how Sherry Fritter, Michelle Orgon, Betsy Hess, or the president of Wexford Health Sources, were personally involved. The claims against these defendants are thus dismissed.

He alleges that Debra Rose denied him pain medication on July 13, 2015, July 24, 2015, October 1, 2017, and October 10, 2017, and that Lacey R. Gorske denied him pain medication on December 24, 2017.[2] Mr. Dewald filed this complaint on February 22, 2018. The statute of limitations bars the

---

[2] Though the complaint states that Lacey R. Gorske denied him pain medication on "December 24, 2018," this date is likely a typographical error considering the date this complaint was filed. ECF 2-1 at 30.

allegations related to 2015 because "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 894 (7th Cir. 2001). The remaining allegations state a claim of deliberate indifference to serious medical needs against Debra Rose and Lacey R. Gorske.

For these reasons, the court:

(1) GRANTS Bart Dewald leave to proceed on a claim against Debra Rose and Lacey R. Gorske for money damages for denying him adequate pain medication for his neck issues since February 22, 2016, in violation of the Eighth Amendment;

(2) GRANTS Bart Dewald leave to proceed against Debra Rose and Lacey R. Gorske on an injunctive relief claim to obtain adequate pain medication for his neck issues as required by the Eighth Amendment;

(3) DISMISSES Sherry Fritter, Michelle Orgon, Betsy Hess, and the president of Wexford Health Sources;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Services to issue and serve process on Debra Rose and Lacey R. Gorske at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Debra Rose and Lacey R. Gorske to respond, as provided by the Federal Rules of Civil

4

Procedure and N.D. Ind. L. R. 10.1, only to the claims for which Bart Dewald has been granted leave to proceed in this order.

SO ORDERED on March 16, 2018

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT