UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BART DEWALD,

    Plaintiff,

v.      CAUSE NO.: 3:18-CV-182-RLM-MGG

LACEY R. GORSKE, et al.,

    Defendants.

## OPINION AND ORDER

Bart Dewald, a prisoner without a lawyer, has filed an amended complaint against Lacey R. Gorske, Debra Rose, Sherry Fritter, Christine Tripp, Becky Hess, Susan Watkins, and Wexford Health Sources, Inc., regarding his medical care since January 1, 2017. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, under 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Dewald alleges that he has been diagnosed with arthritis, nerve damage, neurofibroma, and subluxations in his neck, which causes pain,

immobility, and complications to the central nervous system. Though he is prescribed Toradol injections for pain relief as necessary, he says nurses, including Debra Rose and Lacey R. Gorske, have inappropriately denied him these injections. Christine Tripp similarly denied him Neurontin pills. Nurses, including Gorkse, Rose, and Susan Watkins, have also refused to see him on numerous occasions when he requested medical attention for pain. He has complained to Sherry Fritter, health services administrator, and Becky Hess, regional manager for Wexford Health Sources, about the lack of medical treatment for his condition on numerous occasions, but they won't help him. He seeks money damages and an order for the nurses to cooperate with his requests for pain medication and medical attention as well as an order requiring Wexford Health Sources to maintain his Neurontin prescription, to reinstate his Flexeril prescription, and to provide chiropractic and physical therapy and a foam collar.

Mr. Dewald alleges a claim of deliberate indifference to serious medical needs against Lacey R. Gorske, Debra Rose, Sherry Fritter, Christine Tripp, Becky Hess, and Susan Watkins. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

2

attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011). The amended complaint states a claim of deliberate indifference to serious medical needs against the individual defendants.

Mr. Dewald also asserts a claim against Wexford Health Sources. To pursue a claim under Section 1983 against a corporate entity, a plaintiff must show that his injury was the result of that corporate entity's official policy, practice, or custom. Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). The amended complaint states a practice of medical staff refusing to provide him medication as prescribed and ignoring his requests for medical

attention. As a result, Mr. Dewald plausibly states a claim of deliberate indifference against Wexford Health Sources.

For these reasons, the court:

(1) GRANTS Bart Dewald leave to proceed on a claim against Debra Rose, Lacey R. Gorske, Susan Watkins, and Christine Tripp for money damages for denying him adequate pain medication and refusing to see him for his neck issues since January 1, 2017, in violation of the Eighth Amendment;

(2) GRANTS Mr. Dewald leave to proceed on a claim against Sherry Fritter and Becky Hess for money damages for refusing to respond to his complaints about the lack of medical care for his neck issues since January 1, 2017, in violation of the Eighth Amendment;

(3) GRANTS Mr. Dewald leave to proceed on a claim against Wexford Health Sources, Inc., for money damages for the practice of medical staff refusing to provide medication as prescribed and ignoring requests for medical attention in violation of the Eighth Amendment;

(4) GRANTS Mr. Dewald leave to proceed on an injunctive relief claim to obtain adequate medical treatment for his neck issues as required by the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Services to issue and serve process on Sherry Fritter, Christine Tripp, Becky Hess, Susan Watkins, and Wexford Health Sources, Inc., at the Indiana

4

Department of Correction with a copy of this order and the complaint (ECF 16) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Debra Rose, Lacey R. Gorske, Sherry Fritter, Christine Tripp, Becky Hess, Susan Watkins, and Wexford Health Sources, Inc., to respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which Bart Dewald has been granted leave to proceed in this order.

SO ORDERED on May 7, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT