UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BART DEWALD, <br><br> Plaintiff, <br><br> v. <br><br> LACEY R. GORSKE, et al., <br><br> Defendants. | CAUSE NO.: 3:18-CV-182-RLM-MGG |

OPINION AND ORDER

Bart Dewald, a prisoner without a lawyer, filed a motion for a preliminary injunction, alleging that the prison medical staff reduced his prescribed dosages of pain medication and would soon discontinue his pain medication entirely. "The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc., 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." Joelner v. Village of Washington Park, Illinois, 378 F.3d 613, 619 (7th Cir. 2004).

To start, the court considers whether Mr. Dewald has shown a reasonable likelihood of success on the merits. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To

establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). Mere disagreement with medical professionals about the appropriate course of treatment doesn't establish deliberate indifference, nor does negligence or even medical malpractice. Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011).

In response to Mr. Dewald's motion, the Warden filed the declaration of Dr. Nancy Marthakis. ECF 60-1. In the declaration, Dr. Marthakis states that

she assessed Mr. Dewald for his conditions of degenerative arthritis and neuropathy in his neck during a chronic care visit on July 10, 2018. Another physician had prescribed tramadol, but Dr. Marthakis decided to wean Mr. Dewald from the medication due to his history of drug-seeking behavior, which mental health staff had documented, and to substitute Mobic. Mr. Dewald requested Flexeril, but Dr. Marthakis denied this request based on her observation that his cervical range of motion was only mildly reduced. In addition to Mobic, she also prescribed Tylenol and Neurontin. Dr. Marthakis also indicates that she has no intentions of reducing or discontinuing Mr. Dewald's current prescriptions but that she might adjust Mr. Dewald's prescriptions after future assessments in accordance with her medical judgment.

Mr. Dewald disputes Dr. Marthakis' account, but it is difficult to credit many of Mr. Dewald's allegations. For instance, Mr. Dewald alleges that Dr. Marthakis changed his medications in an attempt to save money, but his primary support for this allegation is a conversation in which he accuses her of participating in a scam against him. ECF 53 at 6. Mr. Dewald says he needs strong pain medication due to immobilizing pain and denies any drug-seeking behavior, but he also concedes that he has consumed illegal substances during his time in prison and that he purposefully misleads medical staff. ECF 29 at 4; ECF 53 at 18. He says his prescription for Mobic has been discontinued and that his prescription for Tylenol will soon be discontinued, but Dr. Marthakis has prescribed him Mobic and Tylenol through January 2019. ECF 60-1 at 1-2. On this evidentiary basis, the court cannot conclude Mr. Dewald is likely to succeed

3

on the merits of his claim that medical staff acted with deliberate indifference to his serious medical needs.

The court must also consider whether Mr. Dewald will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the defendants will suffer if the injunction is granted. For prisoner cases, the court has limited authority to order injunctive relief. <u>Westefer v. Neal</u>, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." <u>Id.</u> As a result, even if the court decided that Mr. Dewald was entitled to injunctive relief, the remedy would be to order the Warden to arrange for a physician to assess Mr. Dewald's neck injury. However, the record reflects that he receives a chronic care appointment for his neck injury every three months, which indicates that he will soon see a physician even without a court order. ECF 27 at 2; ECF 51-1 at 1-2. Therefore, the court concludes that Mr. Dewald won't suffer additional harm absent injunctive relief.

In sum, Mr. Dewald hasn't shown a likelihood of success on the merits and has not demonstrated that he will suffer irreparable harm absent injunctive relief. For these reasons, the court DENIES the motion for a preliminary injunction (ECF 29).

SO ORDERED on September 10, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT