UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BART DEWALD, <br><br> Plaintiff, <br><br> v. <br><br> LACEY R. GORSKE, <br><br> Defendant. | CAUSE NO.: 3:18-CV-182-RLM-MGG |

OPINION AND ORDER

Bart Dewald, a prisoner without a lawyer, filed a motion to reconsider the order screening the initial complaint. He seeks to reinstate Corizon Health Services and five employees as defendants, including Joseph M. Thompson, John Dallas, Dawn Odie-Nelson, Michael Mitcheff, and Diane Kaminsky. Mr. Dewald's request can't be granted because he didn't name any of these entities as defendants in either his initial complaint (ECF 2) or in the complaint on which he currently proceeds (ECF 16). As a result, this motion is denied.

Mr. Dewald also filed a proposed amended complaint. At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Mr. Dewald didn't not have leave to amend, the court construes the proposed amended complaint as a motion for leave to amend. "Reasons for finding that leave should not be granted include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007).

To start, it appears that allowing Mr. Dewald to proceed on his proposed amended complaint would likely result in unintended consequences. Mr. Dewald is already proceeding on claims of deliberate indifference to his serious medical needs in relation to his neck injury against Lacey R. Gorske, Debra Rose, Sherry Fritter, Christine Tripp, Becky Hess, Susan Watkins, and Wexford Health Sources. He doesn't restate his claims against any of these individual defendants in the proposed amended complaint. Under the local rules, the most recent amended complaint replaces older complaints in their entirety. N.D. Ind. L.R. 15-1(b)(1). This means that allowing Mr. Dewald to proceed on the proposed amended complaint would also mean dismissing the claims against Lacey R. Gorske, Debra Rose, Sherry Fritter, Christine Tripp, Becky Hess, and Susan Watkins. It seems unlikely that Mr. Dewald meant to dismiss his claims against six defendants by filing the proposed amended complaint, and the court won't grant leave to proceed on the proposed amended complaint absent a clearer statement of intent.

Additionally, the proposed amended complaint alleges that correctional staff has retaliated against him for filing this lawsuit by subjecting him to discipline without due process, by placing him in disciplinary segregation, and by not allowing him to receive visits. Though Mr. Dewald might have a valid claim of First Amendment retaliation, he can't bring it in this case because these

allegations are unrelated to his medical claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits).

Mr. Dewald can file a motion to amend his complaint, but he must also attach a proposed amended complaint that is complete in and of itself and doesn't rely on prior complaints. In the motion, Dewald should explain how the proposed complaint is different from the complaint on file, including whether he intends to dismiss any of claims on which he now proceeds. In the proposed complaint, he should restate the claims allowed to proceed in the screening order -- to the extent he wants to continue to pursue them -- in addition to any new facts, claims, or demands he wishes to assert. At minimum, any new allegations must be related to his medical claims, which involve treatment for his neck injury and pain medication.

For these reasons, the court DENIES the motion to reconsider (ECF 61); and DENIES the motion for leave to amend the complaint (ECF 62).

SO ORDERED on September 12, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT