UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BART DEWALD, <br><br> Plaintiff, <br><br> v. <br><br> LACEY R. GORSKE, et al., <br><br> Defendants. | CAUSE NO.: 3:18-CV-182-RLM-MGG |

OPINION AND ORDER

Bart Dewald, a prisoner without a lawyer, filed a timely motion for leave to file an amended complaint and attached a proposed amended complaint. In the interest of justice, the court grants Mr. Dewald leave to amend his complaint. See Fed. R. Civ. P. 15(a)(2). Still, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Mr. Dewald reasserts his previously stated claims and adds Dr. Nancy Marthakis as a defendant. He alleges that, in 2018, Dr. Marthakis discontinued his prescription for Neurontin, which he had had since 2015. At that appointment, she didn't examine Mr. Dewald but told him that he should have thought about the consequences before he filed this lawsuit.

In January 2019, a nurse practitioner restarted the prescription but Dr. Marthakis discontinued it again on March 12 while repeating that Mr. Dewald should have thought about the consequences before he filed this lawsuit.

Mr. Dewald asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against Dr. Marthakis for discontinuing his Neurontin Neurontin prescription. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Mr. Dewald states a plausible Eighth Amendment claim of deliberate indifference against Dr. Marthakis.

Mr. Dewald also asserts a First Amendment claim against Dr. Marthakis for discontinuing his prescription of Neurontin in retaliation for filing this lawsuit. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012). Mr. Dewald also states a plausible First Amendment retaliation claim against Dr. Marthakis.

As a final matter, Mr. Dewald filed this motion with the previous amended complaint attached, and the allegations involving Dr. Marthakis are contained

only in this motion. For purposes of clarity, when the clerk files the amended complaint, the clerk should file the attachment (ECF 97-1) and the motion (ECF 97) as a single document and in that order.

For these reasons, the court:

(1) GRANTS the motion for leave to amend (ECF 97);

(2) DIRECTS the clerk to file the amended complaint as set forth in this order;

(3) GRANTS Bart Dewald leave to proceed on an Eighth Amendment claim against Debra Rose, Lacey R. Gorske, Susan Watkins, and Christine Tripp for money damages for acting with deliberate indifference to serious medical needs by denying him adequate pain medication and refusing to see him for his neck issues since January 1, 2017;

(4) GRANTS Mr. Dewald leave to proceed on an Eighth Amendment claim against Sherry Fritter and Becky Hess for money damages for acting with deliberate indifference to serious medical needs by refusing to respond to his complaints about the lack of medical care for his neck issues since January 1, 2017;

(5) GRANTS Mr. Dewald leave to proceed on a claim against Wexford Health Sources, Inc., for money damages for the practice of medical staff refusing to provide medication as prescribed and ignoring requests for medical attention in violation of the Eighth Amendment;

(6) GRANTS Mr. Dewald leave to proceed on an Eighth Amendment claim against Nancy Marthakis for money damages for acting with deliberate

3

indifference to serious medical needs by discontinuing his prescription for Neurontin;

(7) GRANTS Mr. Dewald leave to proceed on a First Amendment claim against Nancy Marthakis for money damages for discontinuing his prescription for Neurontin in retaliation for filing this lawsuit;

(8) GRANTS Mr. Dewald leave to proceed on an injunctive relief claim against the Warden of the Indiana State Prison in his official capacity to obtain adequate medical treatment for his neck issues as required by the Eighth Amendment;

(9) DISMISSES all other claims;

(10) DIRECTS the clerk and the United States Marshals Services to issue and serve process on Nancy Marthakis at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 97-1, ECF 97) as required by 28 U.S.C. § 1915(d); and

(11) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Nancy Marthakis to respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which Bart Dewald, has been granted leave to proceed in this order.

SO ORDERED on April 2, 2019

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT